Case 4:25-cv-00005   Document 12   Filed on 07/21/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMERIHOME MORTGAGE COMPANY, LLC,  *Plaintiff*, | § § § § |
| v. | § § § CIVIL ACTION NO. 4:25-CV-00005 |
| JEFFERY J. DENNIS, ET AL.,  *Defendants*, | § § § |

## MEMORANDUM AND RECOMMENDATION

On January 1, 2025, Plaintiff filed an Original Complaint for breach of contract naming as Defendants Jeffery Dennis, Jeffery-James Dennis Trust, Wellington Innovations, LLC, as Trustee of Xiuzheng Fenghuang Cancer Research Trust, Under Revocable Trust Agreement Dated 3/26/202, the United States of America, on behalf of Secretary of Housing and Urban Development ("HUD"), and Midland Funding LLC as Defendants.[1]  ECF 1 at ¶¶ 2–7.  On April 11, 2025, the Court ordered Plaintiff to file a status report regarding service of the summons and Complaint upon all named Defendants.  ECF 7.  On April 15, 2025, Plaintiff reported stating that it served HUD on February 12, 2025, but had not served any other Defendants.  ECF 8; ECF 8-1.  On May 27, 2025, the Court entered an Order setting

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 9.

the Initial Pretrial Scheduling Conference for July 21, 2025. ECF 10. Additionally, the Court Ordered that if Defendants had not been served before the July 21, 2025, conference, Plaintiff must SHOW CAUSE at the conference why this case should not be dismissed for want of prosecution under Federal Rule of Civil Procedure 4. *Id.* (emphasis in original).

On July 21, 2025, the Court held the Initial Pretrial Scheduling Conference. Plaintiff did not appear. The record does not include proper proof of service with respect to any Defendant. Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). More than ninety days have passed since Plaintiff filed its Original Complaint (ECF 1), and Plaintiff has failed to demonstrate good cause for its failure to complete service of process.

With respect to HUD, Plaintiff is required to serve both HUD and the United States. FED. R. CIV. P. 4(i)(2). To properly serve the United States, Plaintiff must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or send a copy of each by registered or certified mail to the

civil-process clerk at the United States attorney's office." FED. R. CIV. P. 4(i)(1)(A)(i)-(ii). The record fails to demonstrate that Plaintiff served the United States in accordance with Rule 4(i).

Additionally, "[a] district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. The court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (internal citation omitted); *See also United States v. Amieva-Rodriguez*, 905 F.3d 288, 289 (5th Cir. 2018) (same). Plaintiff's failure to appear at the July 21 Show Cause Hearing to explain the lack of service demonstrates a failure to comply with the Court's Order.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's claims be DISMISSED without prejudice for lack of service and want of prosecution.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 21, 2025, at Houston, Texas.

                                                  Christina A. Bryan
                                        United States Magistrate Judge