United States District Court
Southern District of Texas
**ENTERED**
October 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERIHOME MORTGAGE COMPANY, LLC, *Plaintiff*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-00005 |
| JEFFERY J. DENNIS, ET AL., *Defendants*, | § § § | |

## MEMORANDUM AND RECOMMENDATION

This case is before the Court on Plaintiff's Motion to Set Aside Order of Dismissal Pursuant to Federal Rule of Civil Procedure 60(b)(6).[1] ECF 15. Having reviewed the parties' submissions and the law, the Court recommends that the Motion be denied.

### I.  Background

On January 1, 2025, Plaintiff, through counsel, filed an Original Complaint for breach of contract naming as Defendants Jeffery Dennis, Jeffery-James Dennis Trust, Wellington Innovations, LLC, as Trustee of Xiuzheng Fenghuang Cancer Research Trust, Under Revocable Trust Agreement Dated 3/26/202, the United States of America, on behalf of Secretary of Housing and Urban Development

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 9.

("HUD"), and Midland Funding LLC as Defendants. ECF 1 at ¶¶ 2–7. On April 11, 2025, the Court ordered Plaintiff to file a status report regarding service of the summons and Complaint upon all named Defendants. ECF 7. On April 15, 2025, Plaintiff reported that it served HUD on February 12, 2025, but had not served any other Defendants. ECF 8; ECF 8-1. On May 27, 2025, the Court entered an Order setting the Initial Pretrial Scheduling Conference for July 21, 2025. ECF 10. Additionally, the Court Ordered that if Defendants had not been served before the July 21, 2025, conference, Plaintiff must SHOW CAUSE at the conference why this case should not be dismissed for want of prosecution under Federal Rule of Civil Procedure 4. *Id.* (emphasis in original).

On July 21, 2025, the Court held the Initial Pretrial Scheduling Conference. Despite the Show Cause Order, Plaintiff did not appear. As a result, the Court issued a Memorandum and Recommendation recommending that this case be dismissed without prejudice, even as to HUD, for failure to timely effect service in accordance with Federal Rule of Civil Procedure 4 and failure to prosecute. ECF 12. Plaintiff did not file objections. On August 6, 2025, the District Judge adopted the Memorandum and Recommendation and dismissed this case without prejudice.

ECF 13; ECF 14.  Now before the Court is Plaintiff's Motion to Set Aside Order of Dismissal Pursuant to Federal Rule of Civil Procedure 60(b)(6).[2]  ECF 15.

## II.   Rule 60(b)(6) Standards

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a judgment due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

In determining a Rule 60(b) motion the Court must balance the need to protect the finality of judgments with the need to make decisions based on all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).  The burden is on the moving party to establish at least one of the grounds set forth in Rule 60(b). *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-CV-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013).  The Supreme Court recently reaffirmed that relief under Rule 60(b)(6) is only available where Rules 60(b)(1)-(5) do not apply and relief under

---

[2] Because Plaintiff expressly moves pursuant to Rule 60(b)(6), the Court does not consider Rule 59.

Rule 60(b)(6) is available then only in "extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1619 (2025). The decision to grant relief from a judgment under Rule 60 is within the Court's discretion. *Haskett v. W. Land Servs., Inc.*, 761 F. App'x 293, 295 (5th Cir. 2019) ("We review the denial of a Rule 60 motion for abuse of discretion.").

### III.   Analysis

Plaintiff seeks relief pursuant to Rule 60(b)(6) because "the dismissal in this case was the result of excusable neglect and not due to any willful disregard of Court orders." ECF 15 at 1. Plaintiff's argument for why counsel's neglect was excusable is that counsel has experienced "unanticipated support staff turnover during the past several months." *Id.* at 2. Plaintiff further argues that reinstatement will not prejudice Defendant because this case was dismissed very early and no significant resources have been expended.

First, Plaintiff has failed to assert any "extraordinary circumstances" and clearly seeks relief from judgment based on counsel's "mistake, inadvertence, surprise, or excusable neglect," a ground for relief under Rule 60(b)(1). Thus, Rule 60(b)(6) cannot provide a basis for relief. Further, garden variety staffing issues do not constitute extraordinary circumstances.

Construing Plaintiff's motion as brought under Rule 60(b)(1), Plaintiff failed to demonstrate excusable neglect. When determining the existence of excusable

neglect under Rule 60(b)(1), the Court considers factors such as "prejudice to the opposing party, length of the delay, and reason for the delay." *Leon v. Koch Indus.*, No. 2:17-CV-288, 2017 WL 5484696, at *2 (S.D. Tex. Nov. 14, 2017) (citing *Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993))). Under Fifth Circuit precedent, the "[d]enial of a Rule 60(b) motion to set aside a dismissal under clause (1) [of Rule 60(b)] is not an abuse of discretion when the proffered justification for relief is the 'inadvertent mistake' of counsel." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993). Indeed, courts abuse their discretion by reopening a case under Rule 60(b)(1) "when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* This is true even when the plaintiff will be unable to re–file the dismissed claims. *Leon v. Koch Indus.*, No. 2:17-CV-288, 2017 WL 5484696, at *3 (S.D. Tex. Nov. 14, 2017) (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 289 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 634 n. 10 (1962))).

Even accepting Plaintiff's representation that Defendants will not be prejudiced by reinstatement of the case and the fact that Plaintiff promptly filed its Motion after entry of Final Judgment, the circumstances weigh against granting the requested relief. Plaintiff filed this case on January 1, 2025. ECF 1. Plaintiff was

5

obligated to effect service by April 1, 2025. FED. R. CIV. PRO. 4m. The Court did not dismiss the case for lack of service until August 6, 2025. The Court was well within its discretion in dismissing this case without prejudice for lack of service after giving Plaintiff fair notice and an opportunity to appear and explain the reason for his failure. *See Vafaiyan v. City of Wichita Falls, Tex.*, 317 F. App'x 406, 408 (5th Cir. 2009) (there is no abuse of discretion where prior to dismissal the district court provided plaintiff an opportunity to explain why he was unable to serve the defendants in a timely fashion). Given the amount of time Plaintiff was given to serve Defendants, counsel's staffing problems do not constitute a good excuse.

The Court recognizes that district courts routinely extend the 90-day period for service, particularly for pro se clients. However, in this case counsel not only failed to timely and properly serve Defendants, counsel failed to appear at a duly noticed conference before the Court and failed to file timely objections to the Magistrate Judge's Memorandum and Recommendation. The degree of neglect and delay in this case makes it more willful than excusable. Relief under Rule 60(b)(1) is not available for willful neglect. *See Scott v. Carpanzano*, 556 F. App'x 288, 293–94 (5th Cir. 2014) (analyzing factors for Rule 60(b)(1) relief from a default judgment).

6

## IV. Conclusion and Recommendation

For the reasons set forth above, the Court recommends that Plaintiff's Motion to Set Aside Order of Dismissal Pursuant to Federal Rule of Civil Procedure 60(b)(6) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 15, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge